UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY CONWAY,

        Plaintiff,               CIVIL ACTION NO. 09-CV-10065-DT

    vs.

                                    DISTRICT JUDGE MARIANNE O. BATTANI

KAZ INC.,                        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL NON-DESTRUCTIVE AND MINIMALLY DESTRUCTIVE TESTING (DOCKET NO. 21) AND GRANTING DEFENDANT'S MOTION TO COMPEL MEDICAL INFORMATION (DOCKET NO. 27)

This matter comes before the Court on two motions. The first is Defendant's Motion to Compel Non-Destructive and Minimally Destructive Testing and Analysis filed on September 29, 2009. (Docket no. 21). The second is Defendant's Motion to Compel Medical Information filed on October 15, 2009. (Docket no. 27). The Plaintiff has responded to the motions. (Docket nos. 25, 32). The parties have filed Joint Statements of Resolved and Unresolved Issues. (Docket nos. 30, 31). These motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 22, 28). The Court heard oral argument on the motions on October 28, 2009. These matters are now ready for ruling.

This is a products liability action in which Plaintiff is alleging severe burn injuries as a result of her use of a heating pad. (Docket no. 21). Plaintiff's theories focus on negligence and breach of implied warranty of fitness for anticipated or reasonably foreseeable use. (Docket nos. 1, 21).

-1-

Defendant denied its negligence and asserted several affirmative defenses including comparative negligence.  (Docket no. 3).  Plaintiff's liability expert rendered a report stating that the subject heating pad and thermostats are defective.  (Docket no. 21).  In the instant motions, Defendant seeks to conduct non-destructive and minimally destructive testing on the thermostats in conformity with UL testing standards.  Additionally, Defendant seeks to compel Plaintiff to provide records dating from 1986 to the present related to Plaintiff's drug ingestion, drug abuse, and/or drug treatment, and seeks to re-depose the Plaintiff on that same limited issue.

The parties agreed prior to the October 28, 2009 hearing that Plaintiff will ship the subject heating pad to Defendant's expert in Menlo Park, California for non-destructive testing.  The parties further agreed that costs associated with the photographing or videotaping of the proposed test procedures will be borne by the Defendant.  Additionally, the Defendant has agreed to reimburse Plaintiff's expert for round trip coach airfare to Menlo Park, California from Arizona to observe the testing.  The only remaining issues with regard to the Defendant's Motion to Compel Non-Destructive and Minimally Destructive Testing are whether the Defendant may conduct minimally destructive testing on the heating pad thermostats, and which party is responsible for paying the experts' fees for time spent related to the testing.  The parties have been unable to resolve any issues related to the Defendant's Motion to Compel Medical Information.

**1. Motion to Compel Non-Destructive and Minimally Destructive Testing**

Defendant seeks to conduct minimally destructive testing of the heating pad thermostats in conformity with UL testing standards.  To accomplish this, Defendant proposes to remove the thermostats from the heating pad by making 2 vertical incisions on either side of the thermostats approximately 1/2-1 inch in length, sufficient enough in size to allow the connecting wires to be cut

and the thermostats removed.  (Docket no. 21).  The Defendant will attach the thermostats to laboratory apparatus for resistance measurements. (Docket no. 21-5).  Defendant proposes to place the thermostats in an oven, slowly raise the thermostats to operating temperature, record the temperature at which the thermostats open, then cool the oven and record the response. Additionally, Defendant proposes to test the thermostats with a voltage and current level similar to what they would be subjected to if in normal operation.  (Docket no. 21-5).  Plaintiff objects to the testing on the grounds that it has no evidentiary value and involves significant risk of destruction to the heating pad and thermostats.  (Docket no. 26).

Federal Rule of Civil Procedure 34 authorizes the inspection, testing, and sampling of tangible things.  The decision whether to allow destructive testing is within the sound discretion of the court. *Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417, 419 (D. Minn. 1988).  In determining whether to permit destructive testing, "[t]he court is required to balance the interests to be served by destructive testing against the value of preservation of the evidence on behalf of the opposing party." *Id.*  "When the proposed test will alter the original state of the object, the court must balance the costs of the alteration of the object and the benefits of getting to the truth in the case."  *Nugent v. Hercules Offshore Corp.*, No. 98-3060, 1999 WL 1277536, at *1 (E.D. La. Dec. 28, 1999) (citing *Hawthorne v. Michelin Tire Corp.*, 100 F.3d 962 (9th Cir. 1996)).

Four factors have been identified in determining whether to permit destructive testing:

1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; 2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; 3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and 4) Whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

*Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611, 614 (D. Md. 2006) (citing *Cameron v. District Court*, 565 P.2d 925 (1977)).

Evidence sought through destructive testing must be "integral to proving the movant's case and do more than strengthen an already established claim or defense." *Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. at 615. While the moving party must show "that the evidence sought through destructive testing is necessary to prove their case . . . the burden is not so high as to require definitive proof that [the moving party's] hypothesis will prove correct." *Id.*

In the instant case, neither party has conducted testing on the thermostats. The evidence sought by Defendant is relevant and necessary to the claims and defenses in this action. Plaintiff argues that the proposed testing is not reasonable because it contains significant risk of destruction. However, when asked, neither party could propose a less prejudicial alternative method of testing. Instead, Plaintiff seeks to prevent Defendant from conducting minimally destructive testing altogether. Defendant has sought to minimize prejudice caused to Plaintiff by the testing by offering to permit Plaintiff's expert to observe the testing, and by agreeing to conduct the testing in such a manner as to keep the original heating pad as intact as possible and prevent the destruction of the heating pad and thermostats. Defendant also states that the appearance of the heating pad will not be significantly altered by the testing procedures.

The Court will grant the Defendant's Motion to Compel Non-Destructive and Minimally Destructive Testing. The Court will order the Plaintiff to ship the heating pad on or before November 11, 2009 to Defendant's expert in Menlo Park, California for testing. The testing is to be conducted in conformity with UL testing standards. The Defendant will be ordered to pay the costs associated with photographing or videotaping the proposed test procedures. Plaintiff will

photograph or take video images of the heating pad before the heating pad is shipped and the minimally destructive testing is begun. Plaintiff and her experts and/or representatives will be permitted to view the Defendant's testing if they so choose.

The Court will further order each party to pay their own expert's fees associated with travel time and attendance at the testing. The Court will further order the parties to submit expert disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(1)(B) on or before December 11, 2009. The discovery cut-off date will be set at January 11, 2010.

## 2. Motion to Compel Medical Information

Defendant contends that Plaintiff negligently used the heating pad causing her burn injuries by overusing narcotic medication to the point of overdosing on the night she sustained her burns. Plaintiff contends that the heating pad caused her medication to be absorbed faster which put her into a coma. (Docket no. 27-3 at 26-27). The parties agreed at pretrial conference to limit Defendant's inquiry into Plaintiff's medical treatment to the ten years preceding the incident. (Docket no. 27). This agreement occurred before the parties formulated their current theories related to Plaintiff's drug use and burn injury. Defendant now seeks to compel Plaintiff to identify the names and addresses of medical centers, treatment facilities, or medical practitioners with whom she has received treatment, examination, or consultation with respect to drug ingestion, drug abuse, and/or drug treatment from 1986 to present. Defendant also seeks to continue Plaintiff's deposition on the limited issue of her history of treatment, consultation, and/or examinations with respect to drug ingestion, drug abuse, and/or drug treatment from 1986 to present. Plaintiff objects on the grounds that the discovery requests are intended to harass and embarrass the Plaintiff.

Federal Rule of Civil Procedure 26(b)(1) permits discovery of any nonprivileged matter that is relevant to any party's claim or defense if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's history of drug use, abuse, and/or treatment are relevant to the parties' claims and defenses, and is not being sought merely to harass or embarrass Plaintiff. Therefore, the Court will grant the Defendant's Motion to Compel Medical Information. The Court will order Plaintiff to contact the Defendant on or before November 9, 2009 for the purpose of scheduling her continued deposition related to her history of drug use, drug abuse or overdose, and/or drug treatment and rehabilitation from 1986 to present. The parties will be ordered to complete the deposition no later than December 7, 2009.

The Court will further order the Defendant to submit discovery requests limited to Plaintiff's history of drug use, drug abuse or overdose, and/or drug treatment and rehabilitation from 1986 to present to the Plaintiff on or before November 13, 2009. The Plaintiff will be ordered to respond to the discovery requests on or before November 30, 2009.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Non-Destructive and Minimally Destructive Testing is **GRANTED**, and the parties are compelled to do as follows:

1. Plaintiff is ordered to ship the subject heating pad on or before November 11, 2009 to Defendant's expert for non-destructive and minimally destructive testing to be conducted in accordance with UL testing standards. Plaintiff should photograph or take video images of the heating pad before the heating pad is shipped and the minimally destructive testing is begun.

2. Defendant is ordered to pay the costs associated with photographing and/or videotaping the proposed test procedures.

-6-

3.   The parties are ordered to pay their own expert's fees associated with travel time and attendance at the testing.  Defendant is ordered to reimburse Plaintiff's expert for round trip coach airfare to Menlo Park, California from Arizona to observe the testing if Plaintiff's expert attends the testing.

4.   Expert disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(1)(B) are due on or before December 11, 2009.

5.   Discovery will close on January 11, 2010.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Medical Information is **GRANTED** and the parties are compelled to do as follows:

1.   Plaintiff is ordered to contact the Defendant on or before November 9, 2009 to schedule her continued deposition related to her history of drug use, drug abuse or overdose, and/or drug treatment and rehabilitation from 1986 to present.

2.   The parties are ordered to complete Plaintiff's continued deposition no later than December 7, 2009.

3.   Discovery requests limited to Plaintiff's history of drug use, drug abuse or overdose, and/or drug treatment and rehabilitation from 1986 to present must be served on or before November13, 2009.

4.   The Plaintiff is ordered to respond to discovery requests served pursuant to this Order on or before November 30, 2009.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  November 04, 2009          s/ Mona K. Majzoub_____
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 04, 2009          s/ Lisa C. Bartlett_____
                                  Courtroom Deputy

-8-